UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACOB W. JOHNSTON | CIVIL ACTION |
| VERSUS | NO. 18-491 |
| TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC. ET AL. | SECTION "E" (2) |

**ORDER AND REASONS ON MOTION**

This is a marine personal injury case instituted by Jacob W. Johnston ("Johnston or "plaintiff") against Transocean Offshore Deepwater Drilling, Inc. ("Transocean") and Spencer-Ogden, Inc. ("Spencer-Ogden"). According to his complaint, Johnston, an employee of Spencer-Ogden, was injured while working as a borrowed employee for Transocean aboard its vessel, the M/V DEEPWATER THALASSA. Complaint, Record Doc. No. 1 at ¶¶ 4-6. Plaintiff seeks relief as a seaman under the Jones Act, 46 U.S.C. § 30101 et seq., alleging negligence and unseaworthiness, and damages, including punitive damages, and maintenance and cure benefits under general maritime law. Id. at 9-12.

Plaintiff filed a motion to compel discovery responses from defendant Transocean. Record Doc. No. 35. Transocean filed a timely opposition memorandum. Record Doc. No. 40. Plaintiff was permitted to file a reply. Record Doc. Nos. 46, 47, 48. Having considered the written submissions of the parties, the record and the applicable law, IT IS ORDERED that the motion is GRANTED for the following reasons.

As an initial matter, defendant's "General Objections" to plaintiff's discovery requests, Record Doc. No. 35-2 at pp. 1–3, fail to comply with the specificity

requirements of the applicable rules and only obfuscate and confuse both plaintiff and the court concerning what objections defendant is actually making, what information it has actually produced and whether a complete response has been made. The court will ignore the "General Objections" asserted in defendant's responses. "In every respect these objections are text-book examples of what federal courts have routinely deemed to be improper objections." St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp., 198 F.R.D. 508, 512 (N.D. Iowa 2000) (citing Burns v. Imagine Films Entm't, Inc., 164 F.R.D. 589, 592–93 (W.D.N.Y. 1996) (general objections not sufficiently specific to allow court to ascertain objectionable character of discovery request); Chubb Integrated Sys. Ltd. v. Nat'l Bank of Wash., 103 F.R.D. 52, 58 (D.D.C. 1984) ("General objections are not useful to the court ruling on a discovery motion. Nor does a general objection fulfill [a party's] burden to explain its objections.")); accord Sream, Inc. v. Hassan Hakim & Sarwar, Inc., 2017 WL 878704, at *2 (S.D. Fla. Mar. 6, 2017); Fischer v. Forrest, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017); see also McLeod, Alexander, Powel & Apffel, P.C., 894 F.2d at 1485 (The "party resisting discovery must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.") (citation omitted); Liguria Foods, Inc. v. Griffith Labs., Inc., 2017 WL 976626, at *9 (N.D. Iowa Mar. 13, 2017) (citing St. Paul Reinsurance Co., 198 F.R.D. 512) (by the same judge who wrote St. Paul Reinsurance Co.: "The key

requirement in both Rules 33 and 34 is that objections require 'specificity'" and "there is precedent too ample to cite, in both the Eighth Circuit and the Seventh Circuit, . . . demonstrating the insufficiency of" boilerplate objections).

All of defendant's "General Objections" are overruled and stricken. If defendant has a specific objection to a particular request, it must state the objection "with specificity." Fed. R. Civ. P. 33(b)(4), 34(b)(2)(B); accord McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990). The court will consider only objections included in the particular response at issue. To the extent that defendant is ordered to supplement its discovery responses, defendant must delete any references to "General Objections."

Plaintiff's motion is granted as to Requests for Production Nos. 2, 3, 8, 9, 11, and 13. All objections are overruled. Defendant has provided vague written responses to these requests, with objections, that state "could not locate," "see attached" or some similar variation. Record Doc. No. 40-1 at pp. 4-8. Defendant's present written responses are insufficient because they assure neither plaintiff nor the court that complete production has been made, or that defendant has no responsive materials in its possession, custody or control. Defendant must provide new written responses to these requests, as limited herein and signed pursuant to Fed. R. Civ. P. 26(g), clearly stating, without objections, either that defendant has produced all responsive materials in their

3

possession, custody or control, and make actual production, <u>or</u> that they have no responsive materials in their possession, custody or control.

While defendant has asserted attorney-client privilege and/or work product objections to these requests, it has failed to provide a privilege log, thereby waiving its objections, and has also failed to properly substantiate these objections by submitting evidence necessary to sustain its burden of proof to establish these objections.

Fed. R. Civ. P. 26(b)(5)(A) provides:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party <u>must</u>: (i) expressly make the claim; and (ii) describe the nature of documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

(emphasis added). The use of the word "must" in the privilege log requirement indicates that production of a privilege log is mandatory, not to be ignored as Transocean has done.

When a party has failed to comply with the Rule 26(b)(5) requirement to provide a privilege log, courts have found that all assertions of privilege or other protections against the requested discovery have been waived. <u>E.g.</u>, <u>Burlington N. & Santa Fe Ry. v. U.S. Dist. Court</u>, 408 F.3d 1142, 1149-50 (9th Cir. 2005); <u>Pensacola Firefighters' Relief Pension Fund v. Merrill Lynch Pierce Fenner & Smith, Inc.</u>, 265 F.R.D. 589, 592-94 & n.1 (N.D. Fla. 2010); <u>Lee v. State Farm Mut. Auto. Ins. Co.</u>, 249 F.R.D. 662, 683

(D. Colo. 2008); Lugosch v. Congel, 219 F.R.D. 220, 239 (N.D.N.Y. 2003); Nagele v. Elec. Data Sys. Corp., 193 F.R.D. 94, 108 (W.D.N.Y. 2000); Bordonaro v. Union Carbide Corp., No. 93-3355, 1995 WL 234545, at *2 (E.D. La. Apr. 20, 1995); Burns v. Imagine Films Entm't, Inc., 164 F.R.D. 589, 594 (W.D.N.Y. 1996); Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 914 F. Supp. 1172, 1178 (E.D. Pa. 1996); see also Haid v. Wal-Mart Stores, Inc., No. 99-4186-RDR, 2001 WL 964102, at *2 (D. Kan. June 25, 2001) ("As plainly indicated by Rule 26(b)(5), the question whether materials are privileged is for the court, not the [party asserting the privilege], to decide, and the court has a right to insist on being presented with sufficient information to make that decision.").

In addition, the party resisting discovery, Transocean in this instance, by asserting any privilege, including work product protection, bears a burden of proof sufficient to substantiate its privilege claims and cannot rely merely on a blanket assertion of privilege. United States v. Newell, 315 F.3d 510, 525 (5th Cir. 2002); In re Santa Fe Int'l Corp., 272 F.3d 705, 710 (5th Cir. 2001); Ingraham v. Planet Beach Franchising Corp., No. 07-3555, 2009 WL 1076717, at *1 (E.D. La. Apr. 17, 2009) (citing Hodges, Grant & Kaufman v. United States, 768 F.2d 719, 721 (5th Cir. 1985)); Kiln Underwriting Ltd. v. Jesuit High Sch., No. 06-04350, 2008 WL 108787, at *4-5 (E.D. La. Jan. 9, 2008) (citing Hodges, 768 F.2d at 721); United States v. Impastato, No. 05-325, 2007 WL

2463310, at *2 (E.D. La. Aug. 28, 2007) (citing United States v. Harrelson, 754 F.2d 1153, 1167 (5th Cir. 1985); United States v. Kelly, 569 F.2d 928, 938 (5th Cir. 1978)); High Tech Comm'c'ns, Inc. v. Panasonic Co., No. 94-1477, 1995 WL 45847, at *1 (E.D. La. Feb. 2, 1995)(citing Hodges, 768 F.2d at 721).

> As one leading commentator has succinctly explained the procedure,
>
> Once the proponent has properly asserted the privilege claim and the requisite information about the allegedly privileged document provided to the opponent, the proponent must substantiate all actual assertions about the claim. This is usually done through supporting affidavits from individuals with personal knowledge of the relevant facts, exhibits attached to the motion and briefs, discovery responses, pleadings and other undisputed facts. . . . To the extent that evidentiary support for the factual basis of the privilege is not forthcoming, the claim is little more than a bald, conclusory, or ipse dixit assertion. The court will deny such an assertion because it forecloses meaningful independent inquiry by the finder of facts (the judge) into the validity of the claim. . . . Although an attorney's word may be "taken on its face," a privilege claim is not self-executing. It requires more proof than a conclusion by the party asserting the claim (or his attorney) that it is justified.

P. Rice, Attorney-Client Privilege in the United States § 11:10 at 977-80 (Lawyers Cooperative 1993) (emphasis added).

It is neither apparent nor self-evident from the face of these requests that the materials sought are protected by either attorney-client privilege or the work product doctrine. On the contrary, the titles of the requested materials (e.g. environmental manuals, Management Review of Incident) indicate that they were more probably than

6

not made in and for purposes of Transocean's ordinary course of business, rather than as confidential attorney-client communications or in anticipation of litigation or trial. Defendant's objections as to attorney-client privilege and/or work product are therefore overruled because they have been waived and because Transocean has utterly failed to meet its burden of proof.

Plaintiff's motion is granted as to Request for Production No. 14.[1] Fed. R. Civ. P. 26(b)(1) provides, in pertinent part, that "[p]arties may obtain discovery regarding any nonprivileged matter that is <u>relevant to any party's claim or defense</u> . . . ." (emphasis added). Plaintiff seeks production of "complete copies of the 'Iron Roughneck Fatality HSQ-HSE-OA-003' document referenced on page 5 of the produced 'Installing Auto Slips'." Record Doc. No. 35-2 at p. 12. In its opposition, defendant argues that this document is irrelevant. Record Doc. No. 40. Particularly, defendant references "a fatality accident involving a piece of equipment known as an Iron Rough Neck [used to connect and disconnect drill pipe]." Record Doc. No. 40 at p. 2. Defendant claims that this fatality accident had nothing to do with plaintiff's accident because an Iron Rough Neck was not in use at the time. <u>Id.</u>

---

[1] While plaintiff's motion states that he seeks documents responsive to Request for Production No. 7, the Request at issue is in fact Request for Production No. 14. Record Doc. Nos. 35-2 at p. 12; 40-1 at p. 8.

However, as plaintiff notes in his reply, defendant produced a document titled "Controlled Procedure, Installing Auto Slips, Deepwater Thalassa" ("Controlled Procedure document") in response to plaintiff's First Request for Production of Documents. Record Doc. Nos. 49; 49-1 at pp. 15–16 (Plaintiff's Request for Production of Documents No. 19, "Please produce a complete copy of any and all job procedure forms, checklists, Job Safety Analysis . . . or other documents <u>relative to the job/task/procedure being performed by plaintiff at the time of the accident/injuries/event</u>.") (emphasis added). "On page 5 of the Controlled Procedure document, Transocean sets forth its first step-by-step procedure in this document, which instructs the floorhands (plaintiff . . . at the time of this accident) [as follows:] 'WARNING: Ensure all personnel are clear at all times of the Iron Roughneck.' The next line under the Warning states, '('Iron Roughneck Fatality HSQ-HSE-OA-003)'." Record Doc. No. 49 at p. 2. Because this document explains the procedure in place at the time of plaintiff's accident and explicitly includes a warning to workers like plaintiff about the Iron Roughneck Fatality report, the Iron Roughneck Fatality report is relevant and discoverable in accordance with Rule 26(b)(1).

**IT IS ORDERED** that all additional written responses, together with actual production of additional materials, if any, must be provided no later than **April 24, 2019.**

New Orleans, Louisiana, this \_\_\_\_10th\_\_\_\_ day of April, 2019.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE