UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| JACOB W. JOHNSTON,<br>    Plaintiff | CIVIL ACTION |
|---|---|
| VERSUS | NO. 18-491 |
| TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., ET AL.,<br>    Defendants | SECTION "E" (2) |

## ORDER AND REASONS

Before the Court is a motion for partial summary judgment on the issue of contributory negligence, filed by Plaintiff Jacob W. Johnston.[1] Defendants Transocean Offshore Deepwater Drilling, Inc. ("Transocean") and Spencer Ogden, Inc. ("Spencer Ogden") oppose.[2] For the reasons that follow, the Court **DENIES** the motion.

## BACKGROUND

Johnston was employed by Spencer Ogden.[3] On July 29, 2017, Johnston was working on board the M/V DEEPWATER THALASSA, which is owned by Transocean.[4] Johnston alleges he suffered an accident while installing PS-30s, which are slips to hold a drill pipe.[5] Johnston alleges, and Transocean admits, that Johnston's supervisor Tracy Pharris instructed him to install a wiper rubber.[6] Johnston alleges Transocean employee Greg Brazzil was helping him open the doors.[7] He alleges he connected the right door to

---

[1] R. Doc. 36.
[2] R. Docs. 41, 42.
[3] R. Doc. 1 at 2; R. Doc. 41 at 2.
[4] R. Doc. 1 at 2; R. Doc. 41 at 2. Plaintiff alleges he was a Jones Act seaman working for Spencer Ogden as a borrowed employee. R. Doc. 1 at 2. Transocean denies he was a borrowed employee. R. Doc. 7 at 3.
[5] R. Doc. 36-1 at 2; R. Doc. 42-4 at 1, ¶ 2.
[6] R. Doc. 36-2 at 1, ¶ 1; R. Doc. 42-4 at 1, ¶ 1.
[7] R. Doc. 36-1 at 2.

1

a "tugger," which is a hydraulic winch, when Brazzil engaged the tugger, putting tension on the cable.[8] Johnston alleges that, when the tension on the cable was released, it struck him in the face and caused him injuries.[9]

On January 15, 2018, Johnston filed suit against Transocean and Spencer Ogden.[10] He brings claims under the Jones Act for negligence and under the general maritime law for unseaworthiness, maintenance and cure, and punitive damages.[11]

On March 27, 2019, Johnston filed the instant motion.[12] He seeks partial summary judgment that he was not contributorily negligent as a matter of law.[13] Defendants Transocean and Spencer Ogden filed separate oppositions arguing genuine issues of material fact preclude summary judgment on the issue.[14] Johnston filed separate reply memoranda to Defendants' oppositions.[15]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[16] "An issue is material if its resolution could affect the outcome of the action."[17] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing

---

[8] *Id.*
[9] *Id.*
[10] R. Doc. 1.
[11] *Id.*
[12] R. Doc. 36.
[13] *Id.*
[14] R. Docs. 41 (Spencer Ogden), 42 (Transocean).
[15] R. Docs. 62, 64.
[16] FED. R. CIV. P. 56; *see also Celotex*, 477 U.S. 317, 322–23 (1986).
[17] *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

2

the evidence."[18] All reasonable inferences are drawn in favor of the non-moving party.[19] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[20]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." To satisfy Rule 56's burden of production, the moving party must do one of two things: "the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim" or "the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[21]

## ANALYSIS

The Fifth Circuit has explained the doctrine of contributory negligence in maritime personal injury cases as follows:

> [C]ontributory negligence is an affirmative defense that diminishes recovery in proportion to the seaman's fault. To

---
[18] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[19] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[20] *Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) (citing *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992)).
[21] *Celotex*, 477 U.S. at 322–24.

> establish that a seaman is contributorily negligent, an employer must prove negligence and causation.
>
> A seaman is negligent if he fails to act with ordinary prudence under the circumstances. The circumstances of a seaman's employment include not only his reliance on his employer to provide a safe work environment but also his own experience, training, or education. The reasonable person standard, therefore, [in] a Jones Act negligence action becomes one of the reasonable *seaman* in like circumstances.[22]

The Fifth Circuit has stated that "the use of summary judgment is rarely appropriate in negligence" cases.[23]

> "Because of the peculiarly elusive nature of the term 'negligence' and the necessity that the trier of facts pass upon the reasonableness of the conduct in all the circumstances in determining whether it constitutes negligence, it is the rare personal injury case which can be disposed of by summary judgment, even where the historical facts are concededly undisputed."[24]

In this case, Johnston asserts it is an undisputed fact that he did nothing to contribute to the accident.[25] He cites the deposition testimony of his fellow floor hand Brazzil[26] and his supervisor Pharris,[27] who were with him at the time of the incident. Brazzil testified he could not recollect anything Johnston "did wrong that caused or contributed to" the incident.[28] Pharris testified Johnston was "conducting himself in a safe manner" and that "it did not appear that he played any part in causing his own

---

[22] *Johnson v. Cenac Towing, Inc.*, 544 F.3d 296, 302 (5th Cir. 2008) (citations and internal quotation marks omitted) (emphasis in original).
[23] *Davidson v. Stanadyne, Inc.*, 718 F.2d 1334, 1338 (5th Cir. 1983).
[24] *Id.* (quoting *Gauk v. Meleski*, 346 F.2d 433, 437 (5th Cir.1965))
[25] R. Doc. 36-2 at 2, ¶ 7.
[26] R. Doc. 36-3.
[27] R. Doc. 36-4.
[28] R. Doc. 36-3 at 5.

accident."[29] Johnston also cites a video recording of the incident,[30] which the Court has reviewed.

In opposition, Transocean denies that it is an undisputed fact that Johnston did not do anything to contribute to the accident.[31] Transocean argues Johnston failed to check that both doors were unlocked and that Johnston was standing in the "line of fire."[32] Transocean cites a portion of Pharris' deposition in which he testifies Johnston had "a responsibility to ensure that the locks or pins were disengaged before the PS-30 doors were opened."[33] Transocean points to Brazzil's testimony that "reaching out and grabbing a cable while it's under the pressure of a tugger" would put a worker in the "line of fire."[34] Spencer Ogden points to similar evidence.[35]

The Court is mindful of the Fifth Circuit's admonition that "the use of summary judgment is rarely appropriate in negligence" cases[36] because the trier of fact must determine the reasonableness of conduct and whether it constitutes negligence, even when the facts are undisputed. In this case, the Court finds genuine issues of material fact preclude summary judgment on the issue of contributory negligence.

After the presentation of testimony at trial, in connection with the formulation of the jury instructions and jury verdict form in this case, the Court will decide whether sufficient evidence of contributory negligence has been presented for the issue to be submitted to the jury.

---

[29] R. Doc. 36-4 at 6, 11.
[30] R. Doc. 36-5.
[31] R. Doc. 41-1 at 2, ¶ 7.
[32] R. Doc. 42.
[33] R. Doc. 42-2 at 6.
[34] R. Doc. 42-3 at 4.
[35] R. Doc. 41 at 4–5.
[36] *Davidson*, 718 F.2d at 1338.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion for partial summary judgment on the issue of contributory negligence, filed by Plaintiff Jacob W. Johnston, be and hereby is **DENIED.**[37]

**New Orleans, Louisiana, this 14th day of May, 2019.**

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　**SUSIE MORGAN**
　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

---

[37] R. Doc. 36.