UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| JACOB W. JOHNSTON,<br>    Plaintiff | CIVIL ACTION |
|---|---|
| VERSUS | NO. 18-491 |
| TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., ET AL.,<br>    Defendants | SECTION "E" (2) |

## ORDER AND REASONS

Before the Court is a motion for partial summary judgment on the issues of negligence and unseaworthiness, filed by Defendant Spencer Ogden, Inc. ("Spencer Ogden").[1] Plaintiff Jacob W. Johnston opposes.[2] For the reasons that follow, the motion is **DENIED IN PART** as to Plaintiff's negligence claim against Spencer Ogden and **GRANTED IN PART** as to his unseaworthiness claim against Spencer Ogden.

## BACKGROUND

Johnston was employed by Spencer Ogden.[3] On July 29, 2017, Johnston was working on board the M/V DEEPWATER THALASSA, which is owned by Defendant Transocean Offshore Deepwater Drilling, Inc. ("Transocean").[4] Spencer Ogden does not own the vessel, and there were no Spencer Ogden employees on the vessel's drill floor on the date of the accident.[5] Johnston was helping Transocean employee Greg Brazzil to open the doors of PS-30s, which are power slips, in order to install a wiper rubber on a drill

---

[1] R. Doc. 37.
[2] R. Doc. 45.
[3] R. Doc. 37-2 at 1, ¶ 1; R. Doc. 45-2 at 1, ¶ 1.
[4] R. Doc. 37-2 at 2, ¶¶ 5, 7; R. Doc. 45-2 at 2, ¶¶ 5, 7.
[5] R. Doc. 37-2 at 4, ¶¶ 16, 21; R. Doc. 45-2 at 3, ¶ 16; 4, ¶ 21.

1

pipe to remove excess mud.[6] Johnston and Brazzil were using a hydraulic "tugger"—a heavy-duty marine winch—to hold the doors.[7] Johnston was attempting to open a PS-30 door when the "tugger" cable became taut and snapped back, striking him in the head.[8]

On January 15, 2018, Johnston filed suit against Transocean and Spencer Ogden.[9] He brings claims under the Jones Act for negligence and under the general maritime law for unseaworthiness, maintenance and cure, and punitive damages.[10]

On March 28, 2019, Spencer Ogden filed the instant motion.[11] Spencer Ogden seeks summary judgment on Johnston's negligence claim against it, arguing there is no evidence it contributed to Johnston's injuries.[12] Spencer Ogden also seeks summary judgment on Johnston's unseaworthiness claim against it, arguing it cannot be found unseaworthy because it does not own the vessel.[13] Johnston opposes the motion as to his negligence claim, arguing Spencer Ogden breached its duty to inspect Transocean's premises.[14] Johnston does not oppose granting summary judgment in favor of Spencer Ogden on his unseaworthiness claim.[15]

## **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[16] "An issue is material if its resolution could affect the outcome of the action."[17]

---

[6] R. Doc. 37-2 at 2–3, ¶ 9–11; R. Doc. 45-2 at 2, ¶¶ 9–11.
[7] R. Doc. 37-2 at 2–3, ¶ 9–10; R. Doc. 45-2 at 2, ¶¶ 9–10.
[8] R. Doc. 37-2 at 3, ¶ 13; R. Doc. 45-2 at 3, ¶¶ 13.
[9] R. Doc. 1.
[10] *Id.*
[11] R. Doc. 37.
[12] R. Doc. 37-1 at 12–16.
[13] *Id.* at 16–17.
[14] R. Doc. 45 at 3–6.
[15] *Id.* at 1.
[16] FED. R. CIV. P. 56; *see also Celotex*, 477 U.S. 317, 322–23 (1986).
[17] *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

2

When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[18] All reasonable inferences are drawn in favor of the non-moving party.[19] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[20]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." To satisfy Rule 56's burden of production, the moving party must do one of two things: "the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim" or "the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[21]

---

[18] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[19] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[20] *Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) (citing *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992)).
[21] *Celotex*, 477 U.S. at 322–24.

## ANALYSIS

### I. Genuine issues of material fact preclude summary judgment on Johnston's negligence claim against Spencer Ogden.

"The Jones Act imposes liability on covered employers for ordinary negligence."[22] A Jones Act employer has a "duty to provide a safe place for the seaman to work."[23] "[T]his duty includes a duty to inspect third-party property for hazards and to protect the employee for possible defects."[24] "[A]n employer has the duty to inspect third-party ships to which it sends its employees to work upon."[25]

Notwithstanding the Jones Act employer's duty to inspect, "the employer must have notice and the opportunity to correct an unsafe condition before liability attaches."[26] "The standard of care is not 'what the employer subjectively knew, but rather what it objectively knew or should have known.'"[27]

In *Johnson v. Blue Marlin Servs. of Acadiana, LLC*, a Jones Act employer brought a motion for summary judgment because the plaintiff-employee was injured on a third-party vessel, which the employer did not control.[28] It was undisputed the employer did not inspect the vessel.[29] The Court denied the motion because there was a genuine issue of material fact as to whether, if the employer had inspected the vessel, it would have found the unsafe condition that led to the injury.[30] The Court explained:

> Jones Act liability is not strict liability but rather it is grounded upon a finding of negligence. [The plaintiff] must

---

[22] *Alexander v. Global Fabrication, LLC*, No. 10-4421, 2011 WL 2899124, at *4 (E.D. La. July 18, 2011) (Barbier, J.) (citing *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (5th Cir.1997)).
[23] *Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 374 (5th Cir. 1989) (citations omitted).
[24] *Johnson v. Blue Marlin Servs. of Acadiana, LLC*, 713 F. Supp. 2d 592, 593 (E.D. La. 2010) (citing *Davis v. Hill Eng'r, Inc.,* 549 F.2d 314, 329 (5th Cir. 1977)).
[25] *Id.* (citation omitted).
[26] *Colburn*, 883 at 374 (citations omitted).
[27] *Id.* (quoting *Turner v. Inland Tugs Co.,* 689 F. Supp. 612, 619 (E.D. La. 1988)).
[28] 713 F. Supp.2d at 594.
[29] *Id.*
[30] *Id.* at 595.

> still prove that some fault on the part of [the employer] caused his injuries. Assuming that [the plaintiff] proves that an unsafe condition on the vessel contributed to his injuries, then he may very well be able to convince the jury that a reasonable inspection by [the employer] would have revealed the allegedly unsafe condition on the vessel and perhaps prevented his injuries. It is for the trier of fact to determine whether the allegedly unsafe condition should have been discovered by [the employer] based upon a reasonable inspection. . . . If an inspection by [the employer] would have been futile then clearly the lack of one would not be an omission upon which liability can be based.[31]

Spencer Ogden argues there is no evidence connecting Spencer Ogden to the vessel or to any condition on the vessel, which was owned and operated by Transocean.[32] In its motion and its reply, Spencer Ogden does not address its duty to inspect the vessel and points to no evidence in the record that would lead the Court to conclude Spencer Ogden inspected the vessel. Spencer Ogden also does not address whether an inspection would have revealed the allegedly unsafe condition that caused Johnston's injury.

Plaintiff admits the matter "involves a Transocean vessel, Transocean equipment, and some Transocean personnel."[33] However, Plaintiff alleges Spencer Ogden "sent plaintiff to go to work on a Transocean vessel without inspecting that vessel or its equipment for hazards and without determining if the Transocean personnel that plaintiff would be working with were appropriately qualified, competent and trained to perform their respective job duties."[34] Plaintiff further states that, had Spencer Ogden performed

---

[31] *Id.*; *see also Parker v. Sodexco Remote Sites P'ship*, No. CIV.A. 09-5480, 2010 WL 3724248 (E.D. La. Sept. 16, 2010) (denying defendant-employer's motion for summary judgment because (1) there was no evidence the employer inspected the third-party vessel and (2) there was a genuine issue of material fact as to whether an inspection would have revealed the defective condition).
[32] R. Doc. 37-1 at 12–13.
[33] R. Doc. 45 at 3.
[34] *Id.* at 5.

the inspection, "it likely would have discovered the unsafe work methods being utilized by Transocean."[35]

The Court finds there are genuine disputes about the factual issues of whether Spencer Ogden inspected the vessel and whether a reasonable inspection would have revealed the allegedly unsafe conditions on the vessel that led to Johnston's injury. These issues are material to Johnston's negligence claim against Spencer Ogden. Because of these issues of fact, and in light of the Fifth Circuit's admonition that "the use of summary judgment is rarely appropriate in negligence" cases,[36] the Court denies Spencer Ogden's motion for summary judgment on Johnston's negligence claim against it.

## II. The Court grants Spencer Ogden's unopposed motion for summary judgment on Johnston's unseaworthiness claim.

It is undisputed Spencer Ogden does not own the M/V DEEPWATER THALASSA, on which the accident occurred.[37] Spencer Ogden argues that, as a result, it is entitled to summary judgment on Johnston's unseaworthiness claim against it.[38] Johnston does not oppose.[39] Although the dispositive motion is unopposed, summary judgment is not automatic, and the Court must determine whether Spencer Ogden has shown it is entitled to judgment as a matter of law.[40]

"As a general rule, the vessel owner is the proper defendant for an unseaworthiness claim."[41] Courts routinely grant summary judgment on unseaworthiness claims brought

---

[35] *Id.*
[36] *Davidson v. Stanadyne, Inc.*, 718 F.2d 1334, 1338 (5th Cir. 1983).
[37] R. Doc. 37-2 at 4, ¶ 21; R. Doc. 45-2 at 4, ¶ 21.
[38] *Id.* at 16–17.
[39] R. Doc. 45 at 1.
[40] *See, e.g., Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006); FED. R. CIV. P. 56(a).
[41] *Coakley v. SeaRiver Mar., Inc.*, 319 F. Supp. 2d 712, 715 (E.D. La. 2004), *aff'd,* 143 F. App'x 565 (5th Cir. 2005) (citing *Chandris*, 515 U.S. at 371); *see also Daniels v. Fla. Power & Light Co.*, 317 F.2d 41, 43 (5th Cir. 1963) ("The idea of seaworthiness and the doctrine of implied warranty of seaworthiness arises out of the vessel, and the critical consideration in applying the doctrine is that the person sought to be held legally liable must be in the relationship of an owner or operator of a vessel."); *Lejeune v. Prod. Servs. Network*

against entities that do not own the vessel at issue.[42] The Court finds Spencer Ogden is entitled to summary judgment on Johnston's unseaworthiness claim against it.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion for partial summary judgment on the issues of negligence and unseaworthiness, filed by Defendant Spencer Ogden, Inc. be and hereby is **DENIED IN PART** as to Plaintiff Jacob W. Johnston's negligence claim against Spencer Ogden, Inc. and **GRANTED IN PART** as to Plainitff's unseaworthiness claim against Spencer Ogden, Inc.[43]

**New Orleans, Louisiana, this 14th day of May, 2019.**

                                            **SUSIE MORGAN**
                                       **UNITED STATES DISTRICT JUDGE**

---

*U.S., Inc.*, No. CIV.A. 11-2482, 2014 WL 3587495, at *6 (E.D. La. July 21, 2014) ("Seaworthiness is a non-delegable duty that extends only to the owner of a vessel.").

[42] *See, e.g., Woods v. Seadrill Americas, Inc.*, No. CV 16-15405, 2017 WL 4269553, at *2 (E.D. La. Sept. 26, 2017) (granting summary judgment in favor of an employer on an unseaworthiness claim because the employer did not own the vessel); *Fluker v. Manson Gulf, LLC*, 193 F. Supp. 3d 668, 676 (E.D. La. 2016) (same).

[43] R. Doc. 37.